**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| REBECCA HAGAN | : |
| | :   CIVIL ACTION |
| Plaintiff, | : |
| | : |
| vs. | :   NO. 22-CV-02263 |
| | : |
| TRADER JOE'S COMPANY, d/b/a TRADER | : |
| JOE'S, ABINGTON YORK ROAD CORPORATE | : |
| PARTNERS, INC. and RAYMOURS FURNITURE | : |
| COMPANY, INC., d/b/a RAYMOUR & | :   *JURY TRIAL DEMANDED* |
| FLANIGAN | : |
| Defendants. | : |

**ANSWER AND SEPARATE DEFENSES OF DEFENDANTS, TRADER
JOE'S EAST, INC., ABINGTON YORK ROAD, L.P. AND RAYMOURS
FURNITURE COMPANY, INC., TO PLAINTIFF'S COMPLAINT**

Defendants, Trader Joe's East, Inc. (misnamed, "Trader Joe's Company") (individually, "Trader Joe's"), Abington York Road, L.P. (misnamed, "Abington York Road Corporate Partners, Inc.") (individually, "Abington York Road") and Raymours Furniture Company, Inc. (individually, "Raymour & Flanigan") (collectively, "Defendants"), by and through counsel, *Chartwell Law*, hereby respond to the allegations set forth in the Complaint of Plaintiff, Rebecca Hagan (individually, "Plaintiff"), and aver as follows:

**FIRST DEFENSE**

1.      Admitted in part, denied in part. It is admitted Rebecca Hagan is the Plaintiff in the above-captioned matter; however, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained herein and therefore deny the same and demand strict proof thereof, if material, at the time of trial.

2.      Admitted in part, denied in part. It is admitted Trader Joe's is a corporation authorized to do, and doing, business in the Commonwealth of Pennsylvania with a place of

business located at 2121 Market Street, Philadelphia, Pennsylvania.   It is denied Trader Joe's operates a place of business at the other address alleged herein.

      3.     Admitted in part, denied in part. It is admitted Abington York Road is a limited partnership duly organized and existing under the laws of the State of Delaware with a principal place of business in the State of New York, which, at all times materials hereto, was authorized to do, and was doing business in the Commonwealth of Pennsylvania.  The remaining allegations are denied as conclusions of law to which no responsive pleading is required.

      4.     Admitted in part, denied in part.   It is admitted Raymour & Flanigan is a corporation duly organized and existing under the laws of the State of New York with a principal place of business in New York, which, at all times materials hereto, was authorized to do, and was doing business in the Commonwealth of Pennsylvania.   The remaining allegations are denied as conclusions of law to which no responsive pleading is required.

      5.     Denied as a conclusion of law to which no responsive pleading is required.

      6.     Denied as a conclusion of law to which no responsive pleading is required.

      7.     Denied as a conclusion of law to which no responsive pleading is required.

      8.     Admitted in part, denied in part.   It is admitted Trader Joe's operated and maintained a place of business at the address alleged herein (the "premises").   It is further admitted Abington York Road maintained the common areas of the premises.  The remaining allegations are denied as conclusions of law to which no responsive pleading is required.

      9.     Denied as a conclusion of law to which no responsive pleading is required.

      10.     Denied as a conclusion of law to which no responsive pleading is required.

      11.     Denied as a conclusion of law to which no responsive pleading is required.

      12.     Denied as a conclusion of law to which no responsive pleading is required.

13.     Denied as a conclusion of law to which no responsive pleading is required.

14.     Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore deny the same and demand strict proof thereof, if material, at the time of trial.  To the extent a further answer, however, may be required, it is denied the incident was caused by any act or omission on the part of Defendants.  The allegation that Plaintiff was a "business invitee" and the remaining allegations are denied as conclusions of law to which no responsive pleading is required.

## COUNT I
### PLAINTIFF V. TRADER JOE'S COMPANY, d/b/a TRADER JOE'S

15.     Defendants incorporate by reference their answers and defenses submitted in response to paragraphs 1 through 14 and make them a part hereof as though they were more fully set forth at length herein.

16.     Denied. All allegations of negligence and carelessness on the part of Defendants are denied. By way of further answer, it is averred that the allegations of negligence and carelessness constitute conclusions of law which require no responsive pleading. Defendants deny each and every one of the allegations contained in paragraph 16 (a) through (n), inclusive, with strict proof to the contrary, if material, demanded at the time of trial. At all times material hereto, Defendants maintained the premises, to the extent responsible, in a reasonably safe manner, free of any known defective, dangerous or unreasonably hazardous conditions. At no time material hereto did Defendants cause or allow a dangerous, hazardous or defective condition to be or remain on or in or about the premises, nor did Defendants have knowledge, actual or constructive, of same. At all times material hereto, Defendants acted appropriately under the circumstances.

17.     Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore deny the same and demand strict proof thereof, if material, at the time of trial.  To the extent a further answer, however, may be required, it is denied the incident or Plaintiff's alleged injuries and losses, if any, was or were caused by any act or omission on the part of Defendants. The remaining allegations are denied as conclusions of law to which no responsive pleading is required.

18.     Denied as a conclusion of law to which no responsive pleading is required.

19.     Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore deny the same and demand strict proof thereof, if material, at the time of trial.  To the extent a further answer, however, may be required, it is denied the incident or Plaintiff's alleged injuries, if any, was or were caused by any act or omission on the part of Defendants.

20.     Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore deny the same and demand strict proof thereof, if material, at the time of trial.  To the extent a further answer, however, may be required, it is denied the incident or Plaintiff's alleged injuries or aggravations, if any, was or were caused by any act or omission on the part of Defendants.

21.     Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore deny the same and demand strict proof thereof, if material, at the time of trial.  To the

extent a further answer, however, may be required, it is denied the incident or Plaintiff's alleged injuries or treatment, if any, was or were caused by any act or omission on the part of Defendants.

22.    Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore deny the same and demand strict proof thereof, if material, at the time of trial.  To the extent a further answer, however, may be required, it is denied the incident or Plaintiff's alleged injuries, treatment, losses or expenditures, if any, was or were caused by any act or omission on the part of Defendants.

23.    Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore deny the same and demand strict proof thereof, if material, at the time of trial.  To the extent a further answer, however, may be required, it is denied the incident or Plaintiff's alleged injuries or losses, if any, was or were caused by any act or omission on the part of Defendants.

24.    Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore deny the same and demand strict proof thereof, if material, at the time of trial.  To the extent a further answer, however, may be required, it is denied the incident or Plaintiff's alleged injuries or impairments, if any, was or were caused by any act or omission on the part of Defendants.

25.    Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore deny the same and demand strict proof thereof, if material, at the time of trial.  To the extent a further answer, however, may be required, it is denied the incident or Plaintiff's alleged

injuries or expenditures, if any, was or were caused by any act or omission on the part of Defendants.

26.     Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore deny the same and demand strict proof thereof, if material, at the time of trial.  To the extent a further answer, however, may be required, it is denied the incident or Plaintiff's alleged injuries or expenditures, if any, was or were caused by any act or omission on the part of Defendants.

27.     Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore deny the same and demand strict proof thereof, if material, at the time of trial.  To the extent a further answer, however, may be required, it is denied the incident or Plaintiff's alleged injuries, losses or damages, if any, was or were caused by any act or omission on the part of Defendants.

28.     Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore deny the same and demand strict proof thereof, if material, at the time of trial.  To the extent a further answer, however, may be required, it is denied the incident or Plaintiff's alleged injuries, impairments or losses, if any, was or were caused by any act or omission on the part of Defendants.

WHEREFORE, Defendants demand that judgment be entered in their favor and against Plaintiff, that Plaintiff's Complaint be dismissed, with prejudice, and that Defendants be awarded costs incurred in the defense of this action.

<u>COUNT II</u>
**PLAINTIFF V. ABINGTON YORK ROAD CORPORATE PARTNERS, INC.**

29.     Defendants incorporate by reference their answers and defenses submitted in response to paragraphs 1 through 28 and make them a part hereof as though they were more fully set forth at length herein.

30.     Denied. All allegations of negligence and carelessness on the part of Defendants are denied. By way of further answer, it is averred that the allegations of negligence and carelessness constitute conclusions of law which require no responsive pleading. Defendants deny each and every one of the allegations contained in paragraph 30 (a) through (n), inclusive, with strict proof to the contrary, if material, demanded at the time of trial. At all times material hereto, Defendants maintained the premises, to the extent responsible, in a reasonably safe manner, free of any known defective, dangerous or unreasonably hazardous conditions. At no time material hereto did Defendants cause or allow a dangerous, hazardous or defective condition to be or remain on or in or about the premises, nor did Defendants have knowledge, actual or constructive, of same. At all times material hereto, Defendants acted appropriately under the circumstances.

31.     Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore deny the same and demand strict proof thereof, if material, at the time of trial.  To the extent a further answer, however, may be required, it is denied the incident or Plaintiff's alleged injuries and losses, if any, was or were caused by any act or omission on the part of Defendants. The remaining allegations are denied as conclusions of law to which no responsive pleading is required.

32.     Denied as a conclusion of law to which no responsive pleading is required.

33.     Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore deny the same and demand strict proof thereof, if material, at the time of trial.  To the extent a further answer, however, may be required, it is denied the incident or Plaintiff's alleged injuries, if any, was or were caused by any act or omission on the part of Defendants.

34.     Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore deny the same and demand strict proof thereof, if material, at the time of trial.  To the extent a further answer, however, may be required, it is denied the incident or Plaintiff's alleged injuries or aggravations, if any, was or were caused by any act or omission on the part of Defendants.

35.     Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore deny the same and demand strict proof thereof, if material, at the time of trial.  To the extent a further answer, however, may be required, it is denied the incident or Plaintiff's alleged injuries or treatment, if any, was or were caused by any act or omission on the part of Defendants.

36.     Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore deny the same and demand strict proof thereof, if material, at the time of trial.  To the extent a further answer, however, may be required, it is denied the incident or Plaintiff's alleged injuries, treatment, losses or expenditures, if any, was or were caused by any act or omission on the part of Defendants.

37.    Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore deny the same and demand strict proof thereof, if material, at the time of trial.  To the extent a further answer, however, may be required, it is denied the incident or Plaintiff's alleged injuries or losses, if any, was or were caused by any act or omission on the part of Defendants.

38.    Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore deny the same and demand strict proof thereof, if material, at the time of trial.  To the extent a further answer, however, may be required, it is denied the incident or Plaintiff's alleged injuries or impairments, if any, was or were caused by any act or omission on the part of Defendants.

39.    Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore deny the same and demand strict proof thereof, if material, at the time of trial.  To the extent a further answer, however, may be required, it is denied the incident or Plaintiff's alleged injuries or expenditures, if any, was or were caused by any act or omission on the part of Defendants.

40.    Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore deny the same and demand strict proof thereof, if material, at the time of trial.  To the extent a further answer, however, may be required, it is denied the incident or Plaintiff's alleged injuries or expenditures, if any, was or were caused by any act or omission on the part of Defendants.

41.     Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore deny the same and demand strict proof thereof, if material, at the time of trial.  To the extent a further answer, however, may be required, it is denied the incident or Plaintiff's alleged injuries, losses or damages, if any, was or were caused by any act or omission on the part of Defendants.

42.     Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore deny the same and demand strict proof thereof, if material, at the time of trial.  To the extent a further answer, however, may be required, it is denied the incident or Plaintiff's alleged injuries, impairments or losses, if any, was or were caused by any act or omission on the part of Defendants.

WHEREFORE, Defendants demand that judgment be entered in their favor and against Plaintiff, that Plaintiff's Complaint be dismissed, with prejudice, and that Defendants be awarded costs incurred in the defense of this action.

## COUNT III
### PLAINTIFF V. RAYMOURS FURNITURE COMPANY, INC. d/b/a RAYMOUR & FLANIGAN

43.     Defendants incorporate by reference their answers and defenses submitted in response to paragraphs 1 through 42 and make them a part hereof as though they were more fully set forth at length herein.

44.     Denied. All allegations of negligence and carelessness on the part of Defendants are denied. By way of further answer, it is averred that the allegations of negligence and carelessness constitute conclusions of law which require no responsive pleading. Defendants

deny each and every one of the allegations contained in paragraph 44 (a) through (n), inclusive, with strict proof to the contrary, if material, demanded at the time of trial. At all times material hereto, Defendants maintained the premises, to the extent responsible, in a reasonably safe manner, free of any known defective, dangerous or unreasonably hazardous conditions. At no time material hereto did Defendants cause or allow a dangerous, hazardous or defective condition to be or remain on or in or about the premises, nor did Defendants have knowledge, actual or constructive, of same. At all times material hereto, Defendants acted appropriately under the circumstances.

45.     Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore deny the same and demand strict proof thereof, if material, at the time of trial.  To the extent a further answer, however, may be required, it is denied the incident or Plaintiff's alleged injuries and losses, if any, was or were caused by any act or omission on the part of Defendants. The remaining allegations are denied as conclusions of law to which no responsive pleading is required.

46.     Denied as a conclusion of law to which no responsive pleading is required.

47.     Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore deny the same and demand strict proof thereof, if material, at the time of trial.  To the extent a further answer, however, may be required, it is denied the incident or Plaintiff's alleged injuries, if any, was or were caused by any act or omission on the part of Defendants.

48.     Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and

therefore deny the same and demand strict proof thereof, if material, at the time of trial.  To the extent a further answer, however, may be required, it is denied the incident or Plaintiff's alleged injuries or aggravations, if any, was or were caused by any act or omission on the part of Defendants.

49.     Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore deny the same and demand strict proof thereof, if material, at the time of trial.  To the extent a further answer, however, may be required, it is denied the incident or Plaintiff's alleged injuries or treatment, if any, was or were caused by any act or omission on the part of Defendants.

50.     Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore deny the same and demand strict proof thereof, if material, at the time of trial.  To the extent a further answer, however, may be required, it is denied the incident or Plaintiff's alleged injuries, treatment, losses or expenditures, if any, was or were caused by any act or omission on the part of Defendants.

51.     Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore deny the same and demand strict proof thereof, if material, at the time of trial.  To the extent a further answer, however, may be required, it is denied the incident or Plaintiff's alleged injuries or losses, if any, was or were caused by any act or omission on the part of Defendants.

52.     Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore deny the same and demand strict proof thereof, if material, at the time of trial.  To the

extent a further answer, however, may be required, it is denied the incident or Plaintiff's alleged injuries or impairments, if any, was or were caused by any act or omission on the part of Defendants.

53.     Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore deny the same and demand strict proof thereof, if material, at the time of trial.  To the extent a further answer, however, may be required, it is denied the incident or Plaintiff's alleged injuries or expenditures, if any, was or were caused by any act or omission on the part of Defendants.

54.     Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore deny the same and demand strict proof thereof, if material, at the time of trial.  To the extent a further answer, however, may be required, it is denied the incident or Plaintiff's alleged injuries or expenditures, if any, was or were caused by any act or omission on the part of Defendants.

55.     Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore deny the same and demand strict proof thereof, if material, at the time of trial.  To the extent a further answer, however, may be required, it is denied the incident or Plaintiff's alleged injuries, losses or damages, if any, was or were caused by any act or omission on the part of Defendants.

56.     Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and

therefore deny the same and demand strict proof thereof, if material, at the time of trial.  To the extent a further answer, however, may be required, it is denied the incident or Plaintiff's alleged injuries, impairments or losses, if any, was or were caused by any act or omission on the part of Defendants.

WHEREFORE, Defendants demand that judgment be entered in their favor and against Plaintiff, that Plaintiff's Complaint be dismissed, with prejudice, and that Defendants be awarded costs incurred in the defense of this action.

### SECOND DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

### THIRD DEFENSE

Defendants deny they were guilty of any negligence or carelessness which was the proximate or direct cause of the alleged damages or injuries sustained by Plaintiff.

### FOURTH DEFENSE

At no time material hereto did Defendants have knowledge, actual or constructive, of any dangerous condition or situation, as described in Plaintiff's Complaint, existing on or about the premises.

### FIFTH DEFENSE

Any injuries or damages caused to and/or sustained by Plaintiff are proximately or directly caused by the negligence, recklessness, and/or carelessness of person(s) or entity(ies), both named and unnamed, other than Defendants, and over whom Defendants, exercised or had no control, nor the duty to control.

### SIXTH DEFENSE

Any negligence found to be attributable to Defendants, which is denied herein, is offset by the greater comparative and/or contributory negligence on the part of Plaintiff or other third

person(s) or entity(ies), both named and unnamed.

### SEVENTH DEFENSE

It is denied that Plaintiff's alleged injuries or damages are causally related to the incident more particularly described in the Complaint.

### EIGHTH DEFENSE

Defendants breached no duty which may have been owed to Plaintiff.

### NINTH DEFENSE

Plaintiff's claims are barred and/or limited by the Pennsylvania Comparative Negligence Act.

### TENTH DEFENSE

Plaintiff was contributorily negligent as a matter of law.

### ELEVENTH DEFENSE

Plaintiff's negligence constituted more than Fifty (50%) Percent causes leading to the incident. Thus, Plaintiff is not entitled to any relief as claimed herein.

### TWELVTH DEFENSE

Plaintiff knowingly assumed the risks of her behavior, which directly led to any alleged incident and injuries sustained.

### THIRTEENTH DEFENSE

Plaintiff assumed the risk of her injures, which limits or bars all claims asserted by Plaintiff.

### FOURTEENTH DEFENSE

Plaintiff was reckless as a matter of law, precluding any recovery against Defendants.

### FIFTEENTH DEFENSE

Plaintiff's alleged injuries, damages and treatment are unreasonable and excessive in light of the facts of this case.

## SIXTEENTH DEFENSE

Plaintiff failed to mitigate her alleged damages and/or injuries, the same being denied.

## SEVENTEENTH DEFENSE

Plaintiff is estopped by her own actions and conduct from recovery against Defendants.

## EIGHTEENTH DEFENSE

Plaintiff's injuries and/or damages, if any, were the result of an intervening or superseding cause.

## NINETEENTH DEFENSE

The incident as described in Plaintiff's Complaint was not the foreseeable result of any act or omission on the part of Defendants.

## TWENTIETH DEFENSE

At all times material hereto, Defendants reasonably and properly inspected the premises.

## TWENTY-FIRST DEFENSE

At all times material hereto, Defendants reasonably and properly maintained the premises to the extent responsible.

## TWENTY-SECOND DEFENSE

At all times material hereto, Defendants reasonably and properly trained and instructed their employees.

## TWENTY-THIRD DEFENSE

At no time material hereto did Defendants have any duty to warn Plaintiff of any dangerous condition or situation as alleged in the Complaint.

## TWENTY-FOURTH DEFENSE

At all material times hereto, Defendants acted reasonably and appropriately under the circumstances.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred and/or limited pursuant to the applicable Statute of Limitations or Statute of Repose, the relevant portions of which are incorporated herein by reference.

### TWENTY-SIXTH DEFENSE

Plaintiff may not recover on the claims pled in the Complaint because all or part of the damages sought, said damages being expressly denied, are too speculative and remote.

### TWENTY-SEVENTH DEFENSE

Plaintiff's claims for medical expenses are limited by the holding in Moorhead v. Crozer Chester Medical Center, 765 A.2d 786, 789 (Pa. 2001), to the amounts actually paid or payable by private or governmental insurance contract or plan under which Plaintiff is a beneficiary.

### TWENTY-EIGHTH DEFENSE

If the incident averred in Plaintiff's Complaint occurred as alleged, then the Plaintiff was negligent and her negligence was an intervening and superseding cause of her injuries and damages, the existence of the same on the part of Defendants being expressly denied.

### TWENTY-NINETH DEFENSE

At all times material hereto, any defective, hazardous or dangerous condition existing in, on or about the premises, the existence of which is specifically denied, was open and obvious.

### THIRTIETH DEFENSE

At all times material hereto, any defective, hazardous or dangerous condition existing in, on or about the premises, the existence of which is specifically denied, was such that a reasonably prudent person exercising due care and/or paying attention would have avoided it.

### THIRTY-FIRST DEFENSE

Defendants did not cause any alleged defect or unreasonably dangerous condition, and as such, cannot be found liable.

### THIRTY-SECOND DEFENSE

If the premises contained any relevant defects, which is denied, then such defects did not constitute an unreasonably hazardous and/or dangerous condition, nor did they present an unreasonable risk of harm to the Plaintiff.

### THIRTY-THIRD DEFENSE

The alleged defect, if any, was *de minimis* in nature.

### THIRTY-FOURTH DEFENSE

At no time material hereto did Defendants permit to be or remain at the premises a defective, hazardous and/or unsafe condition causing an unreasonable risk of harm.

### THIRY-FIFTH DEFENSE

At all times material hereto, Defendants reasonably and properly trained their employees concerning the inspection and maintenance of the premises.

### THIRTY-SIXTH DEFENSE

At all times material hereto, Defendants reasonably and properly supervised their employees concerning the inspection and maintenance of the premises.

### THIRTY-SEVENTH DEFENSE

Defendants neither caused nor created any defective condition existing on or about the premises.

### THIRTY-EIGHTH DEFENSE

At all times material hereto, Defendants and their employees employed reasonable and proper policies and procedures with regard to safety.

### THIRTY-NINETH DEFENSE

Defendants believe and therefore aver that any allegedly negligent act or omission by Defendants, said negligence being denied, was not the proximate cause of Plaintiff's injuries and/or damages.

## FORTIETH DEFENSE

Defendants are not liable because they did not have a duty to Plaintiff under Pennsylvania Law and/or the circumstances.

## FORTY-FIRST DEFENSE

Plaintiff's claims may be barred by the doctrines of *res judicata* and/or collateral estoppel which may constitute a complete defense to the within cause of action.

## FORTY-SECOND DEFENSE

Plaintiff's claims are, or may be, barred by the doctrines of settlement and release and/or accord and satisfaction.

## FORTY-THIRD DEFENSE

Plaintiff's alleged injuries, if any, were caused by pre-existing conditions and/or disease processes and/or idiosyncrasies peculiar to Plaintiff and were not caused by any act or omission on the part of Defendants.

## FORTY-FOURTH DEFENSE

At all relevant times hereto, Defendants acted with all due care and complied with all requirements, applicable laws, rules and/or guidelines and this constitutes a complete defense to the within cause of action.

## FORTY-FIFTH DEFENSE

Defendants reserve the right to interpose such other defenses or objections to the allegations set forth in Plaintiff's Complaint as continuing investigation and discovery may disclose.

## JURY DEMAND

Defendants demand a trial by a jury of twelve (12) on all issues.

WHEREFORE, Defendants, Trader Joe's East, Inc. (misnamed, "Trader Joe's Company"), Abington York Road, L.P. (misnamed, "Abington York Road Corporate Partners, Inc.") and

Raymours Furniture Company, Inc., demand that judgment be entered in their favor and against

Plaintiff, that Plaintiff's Complaint be dismissed, with prejudice, and that Defendants be awarded

costs incurred in the defense of this action.

Respectfully submitted,

**CHARTWELL LAW**

Dated: June 14, 2022                      BY:  _____/s/ John Wutz_____

JOHN M. WUTZ, ESQUIRE,
PA Identification No. 206435
One Logan Square
130 N 18th Street, 26th Floor
Philadelphia, Pennsylvania 19103
(215) 972-7006 (telephone)
(215) 972-7008 (facsimile)

Attorney for Defendants,
*Trader Joe's East, Inc.*
*Abington York Road, L.P. and*
*Raymours Furniture Company, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REBECCA HAGAN | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| vs. | : | NO. 22-CV-02263 |
| | : | |
| TRADER JOE'S COMPANY, d/b/a TRADER | | |
| JOE'S, ABINGTON YORK ROAD CORPORATE | : | |
| PARTNERS, INC. and RAYMOURS FURNITURE | : | |
| COMPANY, INC., d/b/a RAYMOUR & | : | *JURY TRIAL DEMANDED* |
| FLANIGAN | : | |
| | Defendants. | : |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, a true and correct copy of Defendants' Answer with Separate Defenses to Plaintiff's Complaint was served upon the following via the Court's CM/ECF electronic filing system:

Andrew L. Riemenschneider, Esquire
Law Office of Andrew L. Riemenschneider
1501 Lower State Road, Suite 305
North Wales, PA 19454

**CHARTWELL LAW**

Dated: <u>June 14, 2022</u>              BY:  <u>/s/ *John M. Wutz*     </u>
                                   JOHN M. WUTZ, ESQUIRE,
                                   I.D. No. 206435
                                   One Logan Square
                                   130 No. 18th Street, 26th Floor
                                   Philadelphia, PA  19103
                                   (215) 972-7006 (telephone)

                                   Attorney for Defendants,
                                   *Trader Joe's East, Inc.,*
                                   *Abington York Road L.P.*
                                   *and Raymours Furniture Company, Inc.*